UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>LANLAN WANG,<br><br>               Defendant. | Case No. 6:25-po-00485-HBK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 5) |

On October 28, 2025, Defendant Lanlan Wang ("Defendant" or "Wang") provided a financial affidavit, Form CJA 23, to the Court. (Doc. No. 4. "Financial Affidavit"). Wang was issued a mandatory appearance for violating 36 C.F.R. § 4.2(b), incorporating California Vehicle Code 16028(a), No Proof of Insurance (Violation No. E2560631), and 36 C.F.R. § 4.12, Failure to Comply With a Traffic Control Device (Violation No. E2560630), both Class B misdemeanors. (Doc. Nos. 1, 3). Wang's initial appearance is scheduled for November 4, 2025 at 1:00 P.M. in Yosemite. (Doc. No. 2). The Court construes Wang's Financial Affidavit as a motion seeking appointment of counsel. (Doc. No. 5).

A defendant is automatically entitled to the appointment of counsel under certain circumstances, including when charged with a felony or a Class A misdemeanor. 18 U.S.C. § 3006A(a)(1); *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Gideon v. Wainwright,* 372 U.S. 335

1  (1963). *See also* General Order 663, V.A.1. (E.D. Cal. March 23, 2023).  Otherwise, the court has
2  discretion to appoint counsel for a defendant charged with a Class B misdemeanor or a petty
3  offense for which a sentence of confinement is authorized.  18 U.S.C. § 3006A(a)(2)(A).  In
4  exercising its discretion, the court must find both that: (1) a defendant is financially eligible; and
5  (2) the interests of justice require appointment of counsel.  *Id*., *see also* General Order
6  663.V.A.2.a.

7     In determining whether a defendant is financially unable to obtain adequate
8  representation, the court considers "the person's and their dependents' costs for life's necessities,
9  any cost to securing the person's pretrial release, any assent encumbrance, and the likely cost to
10 retain counsel in their case."  General Order 663.V.B.2.d.  A review of the Wang's Financial
11 Affidavit indicates the following assets: $2 million approximate value of her home without any
12 encumbrances, an BMW X5 vehicle valued at $73,000, $200,000 in stocks/bonds and
13 checking/savings of $810,000.  (Doc. No. 4).

14    While "any doubts as to a person's eligibility should be resolved in the person's favor," the
15 Court does not find that Wangs' "net financial resources and income are insufficient to obtain
16 qualified counsel." *Standards for Eligibility*, Admin Office of the U.S. Courts, Guide to Judiciary
17 Policies and Procedures, Vol 7, pt. A, §210.40.30.  Instead, Defendant's Financial Affidavit
18 reflects that she would be able to afford life necessities if she was required to pay for private
19 counsel.  Thus, the Court does not find Wang financially eligible for appointment of counsel.

20    Furthermore, at this stage of the proceedings, the Court cannot find that the interests of
21 justice warrant appointment of counsel, even if Defendant was deemed financially eligible.  *See*
22 *generally*, General Order 663.V.A.3.  The maximum *possible* penalties on each offense that
23 Wang faces, if convicted, include not more than six-month's imprisonment, $5000 fine, five-year
24 term of probation, and $10 special assessment.  18 U.S.C. §§ 1865(a), 3571(b)(6), 3561(c)(2).
25 Counsel must be appointed if a financially eligible defendant will be sentenced to a term of
26 imprisonment; however, "[a] misdemeanor prosecution does not trigger the Sixth Amendment's
27 right to counsel simply because the crime charged carries with it the possibility of imprisonment."
28 *United States v. Tobey*, 2020 WL 1451590, *3 (E.D. Cal. Mar. 24, 2020); (citing *Scott v. Illinois*,

1  440 U.S. 367, 73-74 (1979) (holding that appointment of counsel is not required for an indigent
2  defendant when imprisonment upon conviction is authorized but not imposed)).  At this time,
3  there has been no determination whether the government is seeking a term of imprisonment nor
4  that the Court would be inclined to impose one if the Defendant was convicted of either of the
5  Class B misdemeanor offense.

6        Accordingly, it is **ORDERED**:

7        Defendant's construed motion for appointment of counsel (Doc. No. 5) is DENIED.

Dated:    October 28, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE